UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MANUEL TRUEBLOOD (#129374)         CIVIL ACTION

VERSUS

ABDULLAH YOSUFF        NO. 04-0853-C-M3

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this _____ day of December, 2007.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MANUEL TRUEBLOOD (#129374)    CIVIL ACTION

VERSUS

ABDULLAH YOSUFF    NO. 04-0853-C-M3

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Chaplain Abdullah Yosuff, alleging that the defendant violated the plaintiff's constitutional rights in the Fall of 2003 (and according to subsequent pleadings, thereafter in 2004 and 2005) by denying him the right to fast during the Islamic holiday of Ramadan in accordance with the plaintiff's religious beliefs. The plaintiff prayed for compensatory and punitive damages against the defendant, as well as injunctive relief. Pursuant to ruling issued in March, 2006, rec.doc.no. 19, the Court has dismissed the plaintiff's claims for compensatory and punitive damages, leaving only his claim for injunctive relief, seeking the right to participate in future Ramadan fasting.

Pursuant to Order dated February 23, 2006, rec.doc.no. 16, the Court directed the defendant to respond to the plaintiff's request for injunctive relief. In this response, the defendant contested the substantive claims made by the plaintiff in his Complaint and pleadings, and in addition, asserted that as of December, 2005, the defendant was no longer employed as a chaplain at LSP.

Based upon the defendant's representation that he was no longer employed at LSP, and recognizing that the defendant, who had been named solely in his individual capacity, was therefore no longer in a position to either deny the plaintiff participation in Ramadan fasting or to ensure his

participation therein, the Court entered an Order on June 16, 2006, rec.doc.no. 23, directing the plaintiff to appear and show cause, in writing, within thirty (30) days of the date of the Order, why summary judgment should not be granted, sua sponte, dismissing the plaintiff's claims as being without merit in either fact or law.[1]

The plaintiff has responded to the Court's Order. See rec.doc.no. 24. In this response, the plaintiff does not dispute the defendant's assertion that the defendant is no longer employed as a chaplain at LSP. Rather, the plaintiff merely asserts that, with fewer chaplains employed at the prison, there is an even greater chance that he will be denied the right to participate in Ramadan fasting in the future. There is no factual support, however, for this speculative assertion. Rather, it appears that there are recognized procedures in place at LSP whereby inmates are allowed to request participation in Ramadan fasting. Further, there is no suggestion in the record that these procedures will be ineffective because of fewer chaplains or that the plaintiff will be singled out to be denied Ramadan fasting. In fact, the plaintiff has made no assertion that he has been denied participation in Ramadan fasting in either 2006 or 2007. Accordingly, it does not appear that there is any remaining basis for the plaintiff's claim for injunctive relief.

Under 28 U.S.C. § 1915, this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides

---

[1] The trial court may enter summary judgment sua sponte "provided the losing party has been given adequate notice and opportunity to respond." Scott v. Mississippi Dept. of Corrections, 961 F.2d 77, n. 5 (5th Cir. 1992) quoting Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp., 932 F.2d 442 (5th Cir. 1991).

that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

In the Court's view, inasmuch as it appears that defendant Yosuff is no longer in a position to have any impact upon the plaintiff's entitlement to participate in annual Ramadan fasting, it is appropriate that the plaintiff's claim for injunctive relief against this individual be dismissed. Further, it is explicitly clear from the pleadings that the plaintiff has only named defendant Yosuff in his individual capacity. Accordingly, whereas Rule 25(d) of the Federal Rules of Civil Procedure allows for the automatic substitution of a public official's successor when the original party has been named in his official capacity, there is no justification or authority for doing so when the party has only been named in his individual capacity.

Further, and in the alternative, even were the defendant still in a position to facilitate the plaintiff's participation in annual Ramadan fasting, it appears that procedures are currently in place which have allowed and will allow the plaintiff to participate in such religious fasting. In a memorandum issued by the LSP Chaplain's Office to the LSP Legal Programs Department on March 8, 2006, relative to the plaintiff inmate, it is made clear that, in order for the plaintiff to participate in Ramadan fasting, he need only signify his desire to so participate on a form which is circulated to all inmates on an annual basis. Moreover, in the event that the plaintiff neglects or omits to sign the referenced form, he may "write a letter to the Chaplain's Office requesting to be place on the list for Ramadan Diet." Upon so doing, "Inmate Trueblood will be able to sign up for Ramadan Diet." See attachment to rec.doc.no. 18. Moreover, as previously noted, there is no suggestion in the record that the plaintiff has been prevented from participating in Ramadan fasting in 2006 or 2007, or that he will be prevented in the future. Accordingly, based upon the undisputed facts appearing in the record, it appears that the plaintiff's claim for injunctive relief has become moot and that it is appropriate for this action to be dismissed.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that summary judgment be granted, <u>sua sponte</u>, in favor of the defendant and against the plaintiff, dismissing the plaintiff's action, with prejudice.

Baton Rouge, Louisiana, this 11th day of December, 2007.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE